IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLSTATE INSURANCE COMPANY,

        Plaintiff,                              No. 3:14-cv-00113-AC

        v.                                     ORDER

DEBBY ANNE MORGAN, et al,

        Defendants.

HERNÁNDEZ, District Judge:

      Magistrate Judge John V. Acosta issued a Findings & Recommendation [56] on May 11, 2015, recommending that Plaintiff Allstate Insurance Company's motion for summary judgment [37] be granted and co-Defendants Debby Morgan and Adam Morgan's (collectively "the Morgans") cross-motions [41] and [42] for summary judgment and to stay this proceeding be denied. The Morgans jointly filed objections [59] to the Findings & Recommendation, and Defendant Jonathon Patrick Nicholson separately filed objections [58]. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 – ORDER

When a party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered all of the parties' objections and conclude there is no basis to modify Judge Acosta's conclusion that Allstate does not have a duty to defend the Morgans in this case. The Court finds, however, that reading the so-called "joint obligations" clause in combination with the criminal acts exclusion upon which Judge Acosta relied further bolsters that conclusion. The joint obligations clause states:

> "The terms of the policy impose joint obligations on the person named on the Policy Declarations as the insured and on that person's residence spouse. These persons are defined as **you** and **your**. This means that the responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other person defined as **you** or **your**.
>
> The terms of this policy impose joint obligations on persons defined as an **insured person**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon another person defined as an **insured person**."

Foley Declaration, Exhibit 5, ECF No. 38-5, at 26–27 (emphasis in original).

The Court could not find an Oregon case that construes a similar joint obligations clause. However, numerous other courts have interpreted identical joint obligation clauses and have held that the language "renders the criminal acts exclusion applicable to claims for negligence against other insureds." Allstate Indem. Co. v. Tilmon, No. CIV.A. 1:13-00690-JM, 2014 WL 1154666, at *7 (D.S.C. Mar. 21, 2014) (collecting cases); see also Allstate Ins. Co. v. Ervin, No. CIV.A. 05-02800, 2006 WL 2372237, at *5 (E.D. Pa. Aug. 14, 2006) (holding that, based on the policy's criminal acts exclusion and joint obligations clause, insurer had no duty to defend a negligent

2 – ORDER

supervision claim against parents of an insured who was convicted of assaulting a party-goer at the parents' house).

The Court finds that the joint obligations clause and criminal acts exclusion operate to relieve Allstate from its duty to defend any of the insureds under the policy at issue here from any claim that arises out of Adam Morgan's criminal act. Allstate Ins. Co. v. Berge, 522 F. Supp. 2d 1180, 1187 (D.N.D. 2007); Castro v. Allstate Ins. Co., 855 F. Supp. 1152, 1154–55 (S.D. Cal. 1994); Allstate v. Raynor, 143 Wn.2d 469, 480, 21 P.3d 707 (2001).

I have also reviewed the pertinent portions of the record *de novo* and find no errors in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS Magistrate Judge Acosta's Findings & Recommendation [56], and therefore, Plaintiff Allstate's motion for summary judgment [37] is granted. Defendants Debby and Adam Morgan's cross motions [41] and [42] for summary judgment and to stay this proceeding are denied.

IT IS SO ORDERED.

DATED this 18 day of Aug, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 – ORDER